**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

MIKE ALLEN,

　　Plaintiff - Appellant,

v.

KRAIG KNOWLTON; ANGIE KRAHE,
in their official capacities,

　　Defendants - Appellees.

No. 23-3092
(D.C. No. 5:22-CV-04049-EFM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Mike Allen appeals the dismissal of his pro se action claiming discriminatory

hiring by Kraig Knowlton, Director of Personnel Services, and Angie Krahe,

Recruiter for the Department of Commerce, in their official capacities as officers for

the State of Kansas.  The district court dismissed the action on Eleventh Amendment

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

immunity grounds.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

## I.  BACKGROUND - COMPLAINT ALLEGATIONS

Mr. Allen is 58 years old and has been seeking employment with the State of Kansas since 2010.  He says he is "overqualified for positions that align with his discipline" (he has a PhD in Public Administration), but Mr. Knowlton has refused to return his calls.  ROA at 13.  He also alleges that Mr. Knowlton negatively influenced state recruiters, including Ms. Krahe, who would not interview him.  He therefore sued Mr. Knowlton and Ms. Krahe in their official capacities, claiming they violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623.  For relief, he sought money damages, averring that his "prospects for employment with the state are null."  ROA at 11.[1]

---

[1] Mr. Allen cited other federal statutes, and attached a Charge of Discrimination alleging both age and disability discrimination, but his complaint invoked only the ADEA, *see* ROA at 11 ("Age discrimination in employment is unlawful (29 U.S.C. §[] 623.").  On appeal, he seemingly acknowledges that he raised only ADEA violations.  *See* Aplt. Br. at 2 ("Petitioner sought [r]elief at the District Court based on discrimination in employment on the basis of age.").  Yet he asks that, "[i]f possible," his complaint be "extended to other federal laws," *id.* at 5, specifically the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, Title VII, 42 U.S.C. § 2000e-2, and apparently 42 U.S.C. § 1983.  Even if we were to consider these issues, however, they would be unavailing.  The district court explained that to the extent Mr. Allen asserted an ADA claim merely by alleging he was disabled, any such claim was barred by the Eleventh Amendment.  *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).  The district court also explained that his allegations of age discrimination are not covered by Title VII. *See* 42 U.S.C. § 2000e-2; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 465 n.4 (1982).  The district court explained that the Eleventh Amendment bars his § 1983

On Defendants' motion, the district court dismissed the action. The court determined the Eleventh Amendment barred Mr. Allen's ADEA claim because he named Mr. Knowlton and Ms. Krahe in their official capacities and sought only money damages. The court recognized that claims for prospective injunctive relief are excepted from the Eleventh Amendment bar, but it determined that Mr. Allen did not seek prospective injunctive relief.

## II.  DISCUSSION

We review de novo the district court's dismissal on Eleventh Amendment immunity grounds. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). The Eleventh Amendment precludes damages claims against state officers in their official capacities. *See id.* at 1278.[2]  "When a suit alleges a claim against a state official in his official capacity, the real party in interest . . . is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotations omitted). An Eleventh Amendment immunity defense challenges the district court's subject matter jurisdiction. *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001). Absent a waiver of sovereign immunity or an effective congressional abrogation of it, the

_____

claims as well. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010).

[2] The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

Eleventh Amendment shields state officials, *see Ross v. Bd. of Regents of Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 1998), unless the claim "seeks only prospective injunctive or declaratory relief against state officials for an ongoing violation of federal law," *Callahan*, 471 F.3d at 1159 (quotations omitted).

Kansas has not waived its sovereign immunity, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998), and the ADEA did not abrogate the states' sovereign immunity from suits by individuals, *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 92 (2000).  Neither did Mr. Allen seek prospective injunctive relief.  His complaint sought only money damages because he assessed that his "prospects for employment with the state [were] null."  ROA at 11.

Mr. Allen's pro se opening brief does not engage with any of these issues.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to tell us why the district court's decision was wrong."); *id.* at 1369 (affirming dismissal of claim because appellant's brief failed to adequately challenge the district court's basis for dismissal).  Although we liberally construe his pro se materials, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Allen's only relevant argument is that he could not request prospective injunctive relief while also seeking monetary relief.  But he cites no authority to support that argument, and our cases say otherwise.  *See Guttman v. Khalsa*, 669 F.3d 1101, 1125, 1127-29 (10th Cir. 2012) (recognizing plaintiff sought both money

4

damages and prospective injunctive relief). We discern no error in the district court's dismissal based on the Eleventh Amendment.[3]

## III. CONCLUSION

Accordingly, the district court's judgment is affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Allen simultaneously filed in this court his reply brief and a motion for injunctive relief, asking this court to "award him [a] Doctoral Degree's preference for employment at the Kansas Office of Personnel Services and its affiliated hiring agencies," Mot. for Inj. at 2. Without objection, the motion was construed as a supplement to his reply brief. We do not consider new issues and arguments raised in a reply brief, and we decline to do so here, particularly where Mr. Allen did not seek prospective injunctive relief in his complaint. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016).